**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VÁSTAGO PRODUCCIONES, LLC**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**HEAVEN PUBLISHING LLC and MICHAEL RODRIGUEZ,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:23-cv-01432** |
| **HEAVEN PUBLISHING LLC and MICHAEL RODRIGUEZ**<br><br>**Counterclaimants,**<br><br>**vs.**<br><br>**VÁSTAGO PRODUCCIONES, LLC,**<br><br>**Counterclaim Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANTS AND COUNTERCLAIMANTS HEAVEN PUBLISHING LLC AND MICHAEL RODRIGUEZ'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT CORUT:

Pursuant to Federal Rule of Civil Procedure 15, defendants and counterclaimants Heaven Publishing LLC ("**Heaven Publishing**") and Michael Rodriguez ("**Rodriguez**") (sometimes, "**Counterclaimants**") file this Motion for Leave to File Second Amended Counterclaims, and in support thereof would respectfully represent and show unto this Court the following:

1. Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that leave to amend pleadings "shall be freely given when justice so requires." The decision whether to grant such a motion is within the discretion of the district court; and, in making that determination, the court may consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

2. On August 22, 2023, Plaintiff and Counterclaim Defendant Vástago Producciones, LLC ("**Vástago**") filed its Partial Motion to Dismiss Count II of the First Amended Counterclaim ("**FAC**") filed by Heaven Publishing and Counts III and IV of the FAC filed by Heaven Publishing and Rodriguez ("**Partial Motion to Dismiss**"). [ECF 31]. Vástago moved to dismiss Count II as against Heaven Publishing but not Rodriguez. [ECF 31 at 7-8]. Additionally, although the partial Motion to Dismiss was directed to Rodriguez as to Counts III and IV, Vástago only argued that Rodriguez's Count III was "entirely duplicative" of Count II, and that Count IV was barred by the "economic loss rule." [ECF 31 at 9-13].

3. On January 4, 2024, the Court recommended that Vástago's Partial Motion to Dismiss be granted in part and denied in part. [ECF 38]. However, the Court relied on grounds that were different from those urged in the Partial Motion to Dismiss as noticed by Vástago, and recommended that Count II should be dismissed as to Rodriguez although Vástago had not even moved for dismissal of this count as to Rodriguez. Specifically, the Court recommended that Rodriguez's counterclaims for an accounting, unjust enrichment, and conversion (Counts II, III, and IV of the FAC) should be dismissed because Rodriguez had "vested Heaven Publishing with

all of Rodriguez's rights to the Musical Works." [ECF 38]. In making this determination, however, the Court did not have before it the actual contracts between Rodriguez and Heaven Publishing – which had only been excerpted in small part in the FAC. The Court denied Vástago's Partial Motion to Dismiss in all other respects. [ECF 38].

4. Notably, the Court recognized that the recommendation was being entered on a basis other than the points of law noticed in the Partial Motion to Dismiss, stating that "only in a reply brief did Vástago pivot from disputing Heaven Publishing's interest to challenging Rodriguez's co-ownership right based on the transfer." [ECF 38 at 14, citing ECF 35 at 4]. Because Vástago's arguments that were relied upon by the Court in issuing the recommendation had been raised for the first time in Vástago's reply brief, Counterclaimants had no opportunity to respond. Importantly, at the time that the recommendations were issued, the contracts between Rodriguez and Heaven were not before the Court. Accordingly, Rodriguez is hereby respectfully following the Court's invitation to seek leave to amend. [ECF 38 at 14].

5. Specifically, Counterclaimants now seek leave to file their Restated Answer to the First Amended Complaint, Restated Affirmative Defenses, and Second Amended Counterclaims, which is attached to this motion as Ex. "A" ("**SAC**").[1] Counterclaimants have attached the pertinent agreements between Heaven Publishing and Rodriguez to the SAC – *i.e.*, (a) the Contrato de Publishing (the "**Publishing Agreement**") dated November 15, 2018, included in this motion as Ex. "A-1"; (b) the Contrato de Administración de Publishing (the "**Administration Agreement**") dated November 15, 2018, included in this motion as Ex. "A-2";

[1] Counterclaimants have restated their Answer to First Amended Complaint and Affirmative Defenses as previously filed on August 8, 2023 for the sole purpose of unifying their pleadings into one document, but the only material changes made are in the counterclaims. For convenience, Counterclaimants additionally have also included a redline copy of the SAC in this motion as Ex. "B."

(c) the Schedule-B Amendment to Instrument of Transfer of Exclusive Administration (the "**Schedule-B**") dated December 12, 2022, included in this motion as Ex. "A-3"; and (d) the Amendment entered into and effective November 15, 2018 (the "**Amendment**"), included in this motion as Ex. "A-4" (collectively, the "**Publishing and Administration Agreements**").[2]

6. The proposed SAC provides clarity as to Rodriguez's ownership rights in (1) the Subject Musical Works, (2) Pre-Existing Compositions, and (3) the Sound Recordings. Specifically, Rodriguez has standing to bring Counts II, III, and IV for an accounting, money had and received/unjust enrichment, and conversion against Vástago notwithstanding his grant of rights to Heaven Publishing as alleged in Paragraphs 7-8 of the SAC because:

(a) Rodriguez's grant of rights to Heaven Publishing alleged in Paragraphs 7-8 of the SAC was made pursuant to their written Publishing and Administration Agreements – which are valid, subsisting, and currently in effect – and contain express contractual provisions pursuant to which Heaven Publishing must pay royalties to Rodriguez arising from its exploitation of the Subject Musical Works and the Pre-Existing Compositions; and thus, accordingly, Rodriguez remains the beneficial owner of his rights in the copyrights in the Subject Musical Works and the Pre-Existing Compositions, including pursuant to 17 U.S.C. § 501(b);[3]

[2] The Publishing Agreement, (Ex. A-1), and the Administration Agreement, (Ex. A-2), have been lightly redacted because no confidentiality order has yet been entered in this action.

[3] It is well-established that beneficial owners of copyright have standing to enforce their ownership interests in copyrights in the same manner as owners of legal title to copyrights. *See, e.g.*, *Beatriz Ball, LLC v. Barbagallo Co*., 40 F.4th 308, 314 (5th Cir. 2022) ("Beneficial ownership of a copyright is a precondition to standing."); *Cortner v. Israel*, 732 F.2d 267, 271 (2d Cir. 1984) ("When a composer assigns copyright title to a publisher in exchange for the payment of royalties, an equitable trust relationship is established between the two parties which gives the composer standing to sue for infringement of that copyright."); *Silvers v. Sony Pictures Entm't, Inc*., 402 F.3d 881, 883, 886-87 (9th Cir. 2005) (*en banc*); *see also* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement of that particular right committed while he or she is the owner of it.").

(b) Rodriguez's grant of rights to Heaven Publishing under their written Publishing and Administration Agreements as alleged in Paragraphs 7-8 of the SAC was made expressly subject to an automatically renewing two-year term of duration that is terminable if notice is given at least 60 days prior to the expiration of the then-current period; and thus despite Rodriguez's grant of rights to Heaven Publishing alleged in Paragraph 8 of the SAC, the grant is cancellable by Rodriguez – so he continues to retain a reversionary interest in all the rights that he granted to Heaven Publishing; [4] and

(c) Rodriguez's grant of rights to Heaven Publishing did not include any transfer or conveyance to Heaven Publishing of Rodriguez's rights in and to the Sound Recordings, which remain solely owned by Rodriguez. The Publishing and Administration Agreements only grant to Heaven Publishing rights in the compositions co-authored by Rodriguez, and do not even mention the Sound Recordings. Accordingly, only Rodriguez and not Heaven Publishing has standing to pursue claims arising from the Sound Recordings.

7. For the foregoing reasons, the amendment of claims as alleged in the SAC is not futile. The SAC would not add any new claims, and only seek to restore Rodriguez's accounting, money had and received/unjust enrichment, and conversion claims, which Vástago had notice of since at least June 12, 2023. [ECF 17]. Importantly, the only issue raised by the SAC is whether the judgment owed by Vástago would be payable to Rodriguez or Heaven Publishing – as they

[4] *See* Ex. A-4, clauses 1-2. Specifically, by or before 60 days prior to November 15, 2024 (by September 16, 2024), Rodriguez has the right to unilaterally terminate all of Heaven Publishing's rights in and to the Subject Musical Works and the Pre-Existing Compositions effective November 15, 2024. *Id*. Assuming that Rodriguez exercises this right of termination and reclaims his reversionary interest in the compositions at issue, what would be the status of the counterclaims against Vástago now alleged by Heaven Publishing unless Rodriguez also has standing to assert the claims in the SAC? Would Rodriguez need to file another motion for leave to amend after November 15, 2024? That would seem nonsensical – particularly given that the current pretrial schedule includes a motions deadline of September 9, 2024 and a joint pretrial order deadline of November 8, 2024. [ECF 32].

do not seek any double recovery. Further, this action is still in the early pleading stages, and very little discovery has been conducted. The SAC will not change the scope of discovery or any other material aspects of the case. Thus, the SAC would not cause undue prejudice to Vástago.

8. The Court allowed Counterclaimants to file this motion no later than January 19, 2024. [ECF 38]. Thus, this motion is timely filed pursuant to the Court's prescribed deadline. [ECF 38 at 15].

9. Therefore, Counterclaimants respectfully requests leave of court to file its SAC, and its supporting Exhibits thereto.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: /s/ David Aronoff
David Aronoff
*(Admitted Pro Hac Vice)*
Cal. SBN 125694
daronoff@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd.
Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 – Fax

Andy Nikolopoulos
State Bar No. 24028168
SDTX No. 1822095
anikolopoulos@foxrothschild.com
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, Texas 75201
(972) 991-0889
(972) 404-0516 – Fax

*ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIMANTS*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on all counsel of record via ECF filing, in compliance with the Federal Rules of Civil Procedure, on this the 19th day of January, 2024.

/s/ David Aronoff
David Aronoff

## CERTIFICATE OF CONFERENCE

By e-mail, on January 16, 2024, counsel for Counterclaimants contacted counsel for Vástago requesting that Vástago stipulate to the filing of Second Amended Counterclaims ("SAC"). The request identified the key new paragraphs to be added to the Second, Third, and Fourth Counts of the proposed SAC. Counsel for Vástago did not indicate whether Vástago would stipulate to the filing of the amended pleading, but responded with a request for the Publishing and Administration Agreements between Counterclaimants. By e-mail, on January 18, 2024, counsel for Counterclaimants attached the redline version of the proposed SAC and the four exhibits thereto (*i.e*., the Publishing and Administration Agreements), with another request to be informed about whether Vástago would be willing to enter into a stipulated motion allowing the amendment. Counsel for Vástago replied that he was unable to make a meaningful determination about a stipulation by the filing date, but that he will review the motion to determine whether an opposition to the request for leave is appropriate. As of the time of filing this motion on January 19, 2024, counsel for Vástago has not responded whether Vástago will oppose the motion. Accordingly, Counterclaimants are filing this motion for leave as "Opposed."

/s/ David Aronoff
David Aronoff