**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VÁSTAGO PRODUCCIONES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:23-cv-01432** |
| | § | |
| **HEAVEN PUBLISHING LLC and MICHAEL RODRIGUEZ,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

| | |
|---|---|
| **HEAVEN PUBLISHING LLC and MICHAEL RODRIGUEZ** | § |
| | § |
| | § |
| **Counterclaimants,** | § |
| | § |
| **vs.** | § |
| | § |
| **VÁSTAGO PRODUCCIONES, LLC,** | § |
| | § |
| **Counterclaim Defendant.** | § |
| | § |

**RESTATED ANSWER TO FIRST AMENDED COMPLAINT, RESTATED AFFIRMATIVE DEFENSES, AND SECOND AMENDED COUNTERCLAIMS OF DEFENDANTS HEAVEN PUBLISHING LLC AND MICHAEL RODRIGUEZ**

COME NOW, defendants and counterclaimants Heaven Publishing LLC ("**Heaven Publishing**") and Michael Rodriguez ("**Rodriguez**") (sometimes, "**Defendants**") to file this Answer, Affirmative Defenses and Counterclaims, and to respectfully allege the following:

## THE PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of this paragraph.

2. Defendants admit the statements in this paragraph.

3. Defendants admit the statements in this paragraph, and additionally admit and allege that, as set forth in greater detail below, Rodriguez was both an employee and an independent contractor for plaintiff Vástago Producciones, LLC and its affiliates (collectively, "**Vástago**") – which Vástago acknowledged by (a) annually providing to Rodriguez both W-2 statements for Rodriguez's work as an employee and 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, and (c) listing Rodriguez individually as a songwriter entitled to public performance royalties from BMI and/or ASCAP, and (d) registering the copyrights in the Subject Musical Works (as defined in Paragraph 8, below) in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership by means of written transfer.

## JURISDICTION AND VENUE

4. Defendants admit that the First Amended Complaint purports to assert a claim for declaratory relief under the Copyright Act. The remaining allegations in this paragraph call for legal conclusions, for which no response is necessary.

5. Defendants admit the statements in this paragraph.

6. Defendants admit the statements in this paragraph.

7. The allegations in this paragraph call for legal conclusions to which no response is necessary.

8. Defendants admit that an actual case or controversy exists between the parties with respect to the authorship, administration, and copyright ownership of the 75 musical works set forth in Exhibit "A" of the First Amended Complaint (collectively the "**Subject Musical**

**Works**"). Defendants further admit that Rodriguez holds ownership and authorship rights in the Subject Musical Works as a co-composer of those works, and that Rodriguez entered into certain agreements with defendant Heaven Publishing granting it exclusive rights in and to the Subject Musical Works, including:

> the sole, perpetual and exclusive right … to administer exclusively, control, use, license, exploit and otherwise deal with [the Subject Musical Works as to Rodriguez's songwriter shares in said works] (individually and collectively) in any and all media and by any and all other means, devices, methods, configurations or technologies, whether now known or which may hereafter be conceived, developed or come into existence and to collect income in connection therewith whenever earned…. The foregoing grant includes, without limitation, the right to distribute, reproduce, publicly perform and exhibit, make derivative works, print, publish, sell, dramatize, use, synchronize and license the use of the Works; to execute in its own name any and all licenses and agreements whatsoever affecting or respecting the Works, including but not limited to licenses for mechanical reproduction, public performance, dramatic uses, synchronization uses, and sub publication, and to assign or license such rights to others.

Except as so admitted, Defendants deny the remaining allegations of this paragraph including, without limitation, that Vástago is the exclusive author and owner of the Subject Musical Works. In fact, Rodriguez is the co-owner of the copyrights in the Subject Musical Works, as he co-composed said works as an independent contractor – and not as an employee of Vástago – and never entered into a written work-for-hire or grant of rights agreement with Vástago.

## FACTUAL ALLEGATIONS

9. Defendants admit that Rodriguez was both an employee of Vástago from December 2003 through July 2017 in the roles that typically would be fulfilled by a Director of A&R and a Musical Director, and that Rodriguez simultaneously was an independent contractor for Vástago – which Vástago contemporaneously acknowledged by (a) annually providing to Rodriguez both W-2 statements for Rodriguez's work as an employee and 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized

and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter entitled to public performance royalties from BMI and/or ASCAP, and (d) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers. Except as so admitted, Defendants deny the remaining allegations of this paragraph including, without limitation, Vástago's allegations that Rodriguez's work as an employee included his services as a composer or co-composer of the Subject Musical Works.

10. Defendants deny the allegations of this paragraph.

11. Defendants admit that Rodriguez was employed in the roles that typically would be fulfilled by a Director of A&R and a Musical Director for Vástago. Except as so admitted, Defendants deny the remaining allegations of this paragraph, and specifically deny that Rodriguez's work as an employee for Vástago included songwriting, arranging, musical performance, and record producing services. These services were rendered by Rodriguez as an independent contractor, which Vástago acknowledged by (a) annually providing Rodriguez both W-2 statements for Rodriguez's work as an employee and 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that

acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

12. Defendants admit that Rodriguez performed certain services as an employee of Vástago in the roles that typically would be fulfilled by a Director of A&R and a Musical Director at locations, business hours, and time schedules set by Vástago, and using equipment, other materials, and an email address supplied by Vástago. Except as so admitted, Defendants deny the remaining allegations of this paragraph, and specifically deny that Rodriguez's work as an employee for Vástago included songwriting, arranging, musical performance, and record producing services. These services were rendered by Rodriguez as an independent contractor, which Vástago acknowledged by (a) annually providing to Rodriguez both W-2 statements for Rodriguez's work as an employee and 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, (e) with respect to songwriting, arranging, and record producing, Rodriguez used his personal computer as the computer furnished by Vástago did not have the necessary software and applications to perform those services; and (f) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

13. Defendants deny the allegations of this paragraph, and specifically deny that Rodriguez's work as an employee for Vástago included songwriting, arranging, musical performance, and record producing services as to the 75 Subject Musical Works. These services were rendered by Rodriguez as an independent contractor, which Vástago acknowledged by (a) annually providing to Rodriguez both W-2 statements for Rodriguez's work as an employee and 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

14. Defendants admit the allegations of this paragraph and additionally allege that Rodriguez also participated in recording and/or performing the Subject Musical Works in his role as an independent contractor for Vástago.

15. Defendants admit that Vástago marketed and commercially exploited the Subject Musical Works and recordings embodying the Subject Musical Works to the public. Except as so admitted, Defendants deny the remaining allegations of this paragraph, and specifically deny that Rodriguez's work as an employee for Vástago included songwriting, arranging, musical performance, and record producing services. These services were rendered by Rodriguez as an independent contractor, which Vástago acknowledged by (a) annually providing to Rodriguez

both W-2 statements for Rodriguez's work as an employee and 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter entitled to public performance royalties from BMI and ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

16. Answering this paragraph, Defendants (1) admit that Rodriguez's songwriting as to the Subject Musical Works often occurred with other persons and not alone, but Defendants deny that Rodriguez was acting as an employee of Vástago; (2) admit that such songwriting often occurred with Rodriguez playing melodies, hooks, chords and other musical ideas on the piano and other keyboard instruments, with other persons also contributing musical elements; and (3) deny that songwriting sessions often occurred as part of typical employee workday activities. Except as so admitted and denied, Defendants deny the remaining allegations of this paragraph, and specifically deny that Rodriguez's work as an employee for Vástago included songwriting, arranging, musical performance, and record producing services. These services were rendered by Rodriguez as an independent contractor, which Vástago acknowledged by (a) annually providing to Rodriguez both W-2 statements for Rodriguez's work as an employee and 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez

individually as a songwriter entitled to public performance royalties from BMI and ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

17. Answering this paragraph, Defendants admit that Rodriguez's songwriting as to the Subject Musical Works often occurred with other persons, including Romero – who sometimes brought already completed lyrics and/or authored lyrics at songwriting sessions. Except as so admitted, Defendants deny the remainder of this paragraph because, among other things, the melodies, hooks, chords, beats, rhythms, harmonies, and other musical ideas and elements contributed by Rodriguez were his own original creations and often were composed by him at home and/or during non-working hours, using his own instruments and equipment, and not as an employee of Vástago.

18. Defendants deny the allegations of this paragraph.

19. Defendants admit that Rodriguez had no occasion on which to hire assistants in either his capacities as a Director of A&R and a Musical Director for Vástago or in his capacity as an independent contractor for Vástago as to songwriting, arranging, musical performance, and record producing services.

20. Defendants admit that Rodriguez was eligible for employee benefits in his capacity as a Director of A&R and a Musical Director for Vástago. Except as so admitted, Defendants deny the remainder of this paragraph, and specifically deny that Rodriguez was

eligible for employee benefits in his capacity as an independent contractor for Vástago as to songwriting, arranging, musical performance, and record producing services.

21. Defendants admit that Rodriguez was paid or reimbursed for costs and expenses in his capacity as a Director of A&R and a Musical Director for Vástago. Except as so admitted, Defendants deny the remainder of this paragraph, and specifically deny that Rodriguez was paid or reimbursed in his capacity as an independent contractor for Vástago as to songwriting, arranging, musical performance, and record producing services. Among other things, Rodriguez paid for and supplied his own musical instruments and the computer used for record producing, songwriting, and arrangements of the Subject Musical Works.

22. Defendants admit that Rodriguez was paid an employee's salary in his capacity as a Director of A&R and a Musical Director for Vástago. Except as so admitted, Defendants deny the remainder of this paragraph, and specifically deny that Rodriguez was paid any employee's salary in his capacity as an independent contractor for Vástago as to songwriting, arranging, musical performance, and record producing services. Rather, as to such independent contractor services, Rodriguez was primarily paid in the form of royalties that were reported and/or should have been reported on 1099 statements by Vástago.

23. Defendants admit the allegations of this paragraph.

24. The allegations in this paragraph call only for legal conclusions, for which no response is necessary.

25. Defendants deny that Rodriguez's contributions to the Subject Musical Works were prepared within the scope of his employment and vest authorship and ownership in Vástago. Additionally, Defendants admit that no written work-for-hire or grant of rights

agreement exists vesting copyright ownership in Vástago. The remaining allegations in this paragraph call for legal conclusions, for which no response is necessary.

26. Defendants admit that any written documents filed or recorded in the United States Copyright Office speak for themselves. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

27. Defendants deny the allegations set forth in this paragraph.

28. Defendants admit that they claim that Vástago does not own exclusive rights in the copyrights of the Subject Musical Works. Defendants also admit that they claim that Rodriguez is the co-owner of the copyrights in the Subject Musical Works, as he co-composed said works as an independent contractor and never entered into a written work-for-hire or grant of rights agreement with Vástago. Defendants further admit that the email messages attached by Vástago to its First Amended Complaint speak for themselves. Except as so admitted, Defendants deny the remaining allegations in this paragraph.

29. Defendants admit the allegations of this paragraph.

30. Defendants deny the allegations of this paragraph.

## CLAIM ONE

### (Declaratory Judgment of Authorship and Copyright Ownership)

31. Defendants admit the allegations in this paragraph and hereby incorporate paragraphs 1 through 30, inclusive.

32. Defendants admit the allegations set forth in this paragraph.

33. Defendants deny the allegations set forth in this paragraph.

34. Defendants deny the allegations set forth in this paragraph.

35. Defendants admit that any written documents filed or recorded in the United States Copyright Office speak for themselves. Except as so admitted, Defendants deny the remaining allegations of this paragraph.

36. Defendants deny the allegations set forth in this paragraph.

37. Defendants admit the allegations set forth in this paragraph.

38. Defendants deny that Vástago is the sole owner of any copyrights or other exclusive rights in any of the Subject Musical Works. Except as so denied, Defendants admit that declaratory relief from this Court is necessary and proper to determine the rights of Rodriguez and Heaven Publishing in and to the Subject Musical Works.

## CLAIM TWO

**(Money Had and Received/Unjust Enrichment)**

39. Defendants admit the allegations in this paragraph and hereby incorporate paragraphs 1 through 38, inclusive.

40. Defendants deny the allegations set forth in this paragraph.

41. Defendants deny the allegations set forth in this paragraph.

42. Defendants deny the allegations set forth in this paragraph.

## CLAIM THREE

**(Conversion)**

43. Defendants admit the allegations in this paragraph and hereby incorporate paragraphs 1 through 42, inclusive.

44. Defendants deny the allegations set forth in this paragraph.

45. Defendants deny the allegations set forth in this paragraph.

46. Defendants deny the allegations set forth in this paragraph.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in its First Amended Complaint. WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff on all of the claims in the First Amended Complaint – thus recognizing their copyright co-ownership interests in each of the Subject Musical Works – and further that Defendants be awarded all of their costs and expenses incurred in this action, including attorney's fees under 17 U.S.C. § 505, to the extent authorized by law or equity, along with any other relief that the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

As separate and distinct defenses to Plaintiff's alleged claims for relief, Defendants, without conceding that they bear the burden of proof as to any of them, and without in any way admitting any of the allegations of Plaintiff's First Amended Complaint, allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Copyright Co-Ownership / Independent Contractor Status)**

Plaintiff's claims are barred in whole or in part because Rodriguez co-composed the Subject Musical Works as an independent contractor and not as an employee of Vástago, and never entered into a written work-for-hire or grant of rights agreement with Vástago; hence, Rodriguez is a copyright co-owner of the Subject Musical Works and properly granted enforceable exclusive rights in those works to Heaven Publishing. *See Committee for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989).

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Signed Writing)**

Plaintiff's claims are barred in whole or in part because Plaintiff never obtained from Rodriguez an executed written agreement transferring the copyrights in the Subject Musical Works under 17 U.S.C. § 204(a) or constituting a valid and enforceable work-for-hire agreement under 17 U.S.C. § 101; hence, Rodriguez is a copyright co-owner of the Subject Musical Works and properly granted enforceable exclusive rights in those works to Heaven Publishing.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's claims are barred in whole or in part under the doctrine of waiver, as Vástago intentionally waived and relinquished its claims for exclusive copyright ownership by expressly acknowledging that Rodriguez co-composed the Subject Musical Works as an independent contractor, including, without limitation, by (a) annually providing to Rodriguez 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter of the Subject Musical Works entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiff's claims are barred in whole or in part under the doctrine of consent, as Vástago intentionally consented to Rodriguez's status as a co-composer of the Subject Musical Works, including, without limitation, by (a) annually providing to Rodriguez 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter of the Subject Musical Works entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, as Vástago intentionally made representations to Rodriguez, upon which Rodriguez detrimentally relied, affirming his status as a co-composer of the Subject Musical Works, including, without limitation, by (a) annually providing to Rodriguez 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter of the Subject Musical Works entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and

issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

## SIXTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims are barred in whole or in part under the doctrine of laches, as Vástago unreasonably delayed to the prejudice of Rodriguez challenging his status as a co-composer of the Subject Musical Works, after for many years, and without limitation, (a) annually providing to Rodriguez 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter of the Subject Musical Works entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Plaintiff's claims are barred in whole or in part under the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), as Vástago's claim accrued more than three years before the filing of its Complaint as Vástago knew or should have known that Rodriguez was a co-composer of each of the Subject Musical Works, as demonstrated by Vástago's conduct in, without limitation, (a) annually providing to Rodriguez 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter of the Subject Musical Works entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers. Likewise, Plaintiff's state law claims are barred in whole or in part by applicable Texas statutes of limitation, including Tex. Civ. Prac. & Rem. Code § 16.003.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands, as Vástago intentionally and knowingly registered the Subject Musical Works in the U.S. Copyright Office based on false registrations that are contrary to its positions in this action and induced Rodriguez to believe that he was a copyright proprietor of the Subject Musical Works, including,

without limitation, by (a) annually providing to Rodriguez 1099 statements for his work as an independent contractor, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, and (c) listing Rodriguez individually as a songwriter of the Subject Musical Works entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer royalties for monies earned in connection with the exploitation of the Subject Musical Works, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership of the copyrights by means of written transfers.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's claims are barred in whole or in part because Plaintiff failed to act reasonably to mitigate or otherwise avoid or reduce its purported damages; thus, any recovery by Plaintiff is precluded or must be reduced to the extent that Plaintiff's alleged damages, if any, could have been avoided by reasonable efforts.

**TENTH AFFIRMATIVE DEFENSE**

**(Set-Off)**

Plaintiff's claims are barred in whole or in part because Defendants are entitled to set-off and deduct against the alleged sums owed to Plaintiff, if any, the damages, compensation, song-split shares, and other sums that Plaintiff owes to Defendants, including the sums owed by Plaintiff to Defendants under the Counterclaims alleged below.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

Defendants at this time have insufficient information upon which to form a belief as to whether they have additional affirmative defenses. Defendants reserve their right to assert additional affirmative defenses in the event they discover facts upon which such affirmative defenses may be based.

**DEFENDANTS' SECOND AMENDED COUNTERCLAIMS**

For their Second Amended Counterclaims against Plaintiff and Counterclaim Defendant Vástago, Defendants and Counterclaimants Heaven Publishing and Rodriguez (collectively, "**Counterclaimants**") hereby allege the following:

**JURISDICTION AND VENUE**

1. Subject matter jurisdiction is proper under Fed. R. Civ. P. Rule 13 and because the Counterclaims alleged herein arise under federal law, including 17 U.S.C. § 101 *et seq.* (Copyright Act). The Court also has jurisdiction over the Counterclaims under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (copyrights), and 28 U.S.C. § 2201 (Declaratory Judgment Act). Jurisdiction as to the state law Counterclaims is proper pursuant to principles of supplemental jurisdiction under 28 U.S.C, § 1367.

2. Personal jurisdiction and venue in this District are proper because all parties have consented to the jurisdiction of this Court and have generally appeared in this action.

**FACTUAL BACKGROUND**

3. Rodriguez was the co-composer of each of the 75 musical works set forth in Exhibit "A" of the First Amended Complaint (collectively the "**Subject Musical Works**"), and in co-composing these works Rodriguez was not acting within the course and scope of his

employment by Vástago but instead was an independent contractor. Also, in his capacity as an independent contractor, Rodriguez was the music producer of sound recordings of both the Subject Musical Works and the songs of various other Vástago recording artists (collectively, the "**Sound Recordings**"). At no point did Rodriguez enter into any written and executed work-for-hire or grant of rights agreements conveying his copyrights in the Subject Musical Works or the Sound Recordings to Vástago.

4. At least 12 of the Subject Musical Works were co-composed by Rodriguez before he was hired in any capacity as an employee of Vástago, and these pre-existing works include the songs Bajo Sus Pies, Buscando Refugio, En La Tormenta, Este Dia Especial, Me Has Atraido Jesus, Mi Vida Te Dare, No Hay Argumento, No Merecia Tanto Amor, Prefiero A Cristo, Si Ves A Mi Amado, Sopla El Viento, and Ven, Te Necesito (collectively herein, the "**Pre-Existing Compositions**"). At no point did Rodriguez enter into a work-for-hire or grant of rights agreements conveying his copyrights in the Pre-Existing Compositions to Vástago.

5. During the period of his employment by Vástago, Vástago recognized and acknowledged Rodriguez's status as a copyright owner or co-owner of the Subject Musical Works, the Pre-Existing Compositions, and the Sound Recordings, including by (a) annually paying royalties to Rodriguez that were reported in 1099 statements for his independent contractor work as a composer of the Subject Musical Works and the Pre-Existing Compositions, and for his work as the music producer of the Sound Recordings, (b) agreeing to song-splits with Rodriguez that recognized and validated his co-composer shares, (c) listing Rodriguez individually as a songwriter of the Subject Musical Works and the Pre-Existing Compositions entitled to public performance royalties from BMI and/or ASCAP, (d) preparing and issuing royalty statements reflecting Rodriguez's pro-rata shares of his writer royalties and producer

royalties for monies earned in connection with the exploitation of the Subject Musical Works and the Sound Recordings, and (e) registering the copyrights in the Subject Musical Works in the U.S. Copyright Office in registrations that acknowledged Rodriguez as a co-author without claiming that the Subject Musical Works were works-for-hire, but falsely claimed ownership by means of written transfer.

6. During the period of his employment by Vástago, Vástago paid certain royalties to Rodriguez for his independent contractor work, including for his songwriting, musical performance, and record producing services. However, despite making certain royalty payments, Vástago underreported and failed to pay in full the royalties and other sums and accounts it owed to Rodriguez. In addition, Vástago unlawfully usurped for itself the "publisher's share" of Rodriguez's publishing income as a songwriter as to both the Subject Musical Works and the Pre-Existing Compositions.

7. In addition, Rodriguez has entered into agreements with defendant Heaven Publishing granting it exclusive rights in and to the Subject Musical Works and the Pre-Existing Compositions effective as of November 15, 2018 ("the Heaven Grant Date"), subject to Rodriguez's retained beneficial ownership of said works and the terms and other conditions stated in such agreements. Specifically, Rodriguez and Heaven Publishing have entered into the following agreements: (a) the Contrato de Publishing (the "Publishing Agreement") dated November 15, 2018, a true and correct redacted copy of which is attached hereto as Ex. "1"; (b) the Contrato de Administración de Publishing (the "Administration Agreement") dated November 15, 2018, a true and correct redacted copy of which is attached hereto as Ex. "2"; (c) the Schedule-B Amendment to Instrument of Transfer of Exclusive Administration dated December 12, 2022 (the "Schedule-B"), a true and correct copy of which is attached hereto as

Ex. "3"; and (d) the Amendment entered into and effective November 15, 2018 (the "Amendment"), a true and correct copy of which is attached hereto as Ex. "4". Collectively, the foregoing Publishing Agreement, Administration Agreement, Schedule-B, and the Amendment shall be referred to as "the Publishing and Administration Agreements."

8. Among other things, subject to the terms of the Administration Agreement, and pursuant to Schedule-B and the Amendment, Rodriguez granted to Heaven Music exclusive rights in and to the Subject Musical Works and the Pre-Existing Compositions as of the Heaven Grant Date (subject to Rodriguez's retained beneficial ownership), including:

> the sole, perpetual and exclusive right … to administer exclusively, control, use, license, exploit and otherwise deal with [the Subject Musical Works as to Rodriguez's songwriter shares in said works] (individually and collectively) in any and all media and by any and all other means, devices, methods, configurations or technologies, whether now known or which may hereafter be conceived, developed or come into existence and to collect income in connection therewith whenever earned…. The foregoing grant includes, without limitation, the right to distribute, reproduce, publicly perform and exhibit, make derivative works, print, publish, sell, dramatize, use, synchronize and license the use of the Works; to execute in its own name any and all licenses and agreements whatsoever affecting or respecting the Works, including but not limited to licenses for mechanical reproduction, public performance, dramatic uses, synchronization uses, and sub publication, and to assign or license such rights to others.

Notwithstanding the foregoing, Vástago has wrongfully disputed and failed to recognize Heaven Publishing as the authorized successor to Rodriguez's rights in the Subject Musical Works and the Pre-Existing Compositions as of the Heaven Grant Date (subject to the beneficial ownership of said works by Rodriguez), and has wrongfully and intentionally failed to pay in full the royalties and other sums and accounts that Vástago owes Heaven Publishing as the successor to Rodriguez and has interfered with the rightful efforts of Heaven Publishing to publish and administer its copyrights in the Subject Musical Works and the Pre-Existing Compositions for its own benefit and for the benefit of Rodriguez as the beneficial owner of said works, including by

encumbering the Subject Musical Works and the Pre-Existing Compositions and diverting income from them, including through agreements Vástago has entered into with third parties.

**FIRST COUNTERCLAIM**

**(Declaratory Relief)**

9. Counterclaimants Heaven Publishing and Rodriguez incorporate by reference the allegations contained in paragraphs 1 through 8, inclusive.

10. Rodriguez was the copyright co-owner of the Subject Musical Works and the Pre-Existing Compositions until the Heaven Grant Date, and Heaven Publishing now holds exclusive rights in said works commencing on the Heaven Grant Date as Rodriguez's authorized successor-in-interest and as his exclusive publisher and administrator in connection with said works (subject to his beneficial ownership). Additionally, Rodriguez is the copyright owner and/or co-owner of the Sound Recordings that he produced of the Subject Musical Works, the Pre-Existing Compositions, and the songs of various other Vástago artists.

11. Both before and after the Heaven Grant Date, Vástago wrongfully has claimed that it is the sole and exclusive copyright proprietor of the Subject Musical Works, the Pre-Existing Compositions, and the Sound Recordings, and has failed and refused to recognize the rights held by Rodriguez and Heaven Publishing. Among its wrongful acts, Vástago has filed false copyright registrations in the U.S. Copyright Office asserting that it is the copyright proprietor of the Subject Musical Works, the Pre-Existing Compositions, and the Sound Recordings based on purported written transfers that do not exist.

12. Vástago's conduct in wrongfully claiming sole and exclusive copyright ownership of the Subject Musical Works, the Pre-Existing Compositions, and the Sound Recordings is causing substantial and irreparable harm to Rodriguez and Heaven Publishing.

13. An actual, present, and justiciable controversy has arisen between Rodriguez and Heaven Publishing, on the one hand, and Vástago, on the other hand, as to copyright ownership of the Subject Musical Works, the Pre-Existing Compositions, and the Sound Recordings.

14. Rodriguez and Heaven Publishing are entitled to a declaratory judgment from this Court declaring: (a) Rodriguez's ownership and/or co-ownership rights in and to the copyrights in the Subject Musical Works and the Pre-Existing Compositions from the beginning of time until the Heaven Grant Date; (b) Rodriguez's ownership and/or co-ownership rights in and to the copyrights in the Sound Recordings at all times; and (c) Heaven Publishing's ownership and/or co-ownership rights in and to the copyrights in the Subject Musical Works and the Pre-Existing Compositions (subject to Rodriguez's beneficial ownership of said works) commencing from the date of the Heaven Grant Date to the present.

## SECOND COUNTERCLAIM

**(Accounting)**

15. Counterclaimants Heaven Publishing and Rodriguez incorporate by reference the allegations contained in paragraphs 1 through 14, inclusive.

16. Vástago has underreported and failed to fully pay the royalties, sums and accounts it owes to Rodriguez, including for his songwriting, arranging, musical performance, and record producing services as to the Subject Musical Works, the Pre-Existing Compositions, and the Sound Recordings. Additionally, Vástago has unlawfully appropriated and usurped for itself (and/or has diverted to others) the "publisher's share" of the publishing income generated by both the Subject Musical Works and the Pre-Existing Compositions. For purposes of clarity, as to the Subject Musical Works and the Pre-Existing Compositions (but not the Sound

Recordings), Rodriguez is only seeking an accounting herein of sums owed by Vástago to him as of the Heaven Grant Date.

17. Vástago owes Rodriguez a duty to account and pay over all sums owed to Rodriguez from the Subject Musical Works and the Pre-Existing Compositions as of the Heaven Grant Date, as well as all sums owed by Vástago to Rodriguez arising from its exploitation of the Sound Recordings at any time, because, without limitation, all co-owners of copyrights in joint works must account to the other co-owners any profits from the licensing or use of the copyright.

18. In addition, Vástago owes Heaven Publishing a duty to account and pay over all sums owed to Heaven Publishing from the Subject Musical Works and the Pre-Existing Compositions from and after the date of the Heaven Grant Date because Vástago, with knowledge of Heaven Publishing's exclusive rights in and to said works as the successor-in-interest to Rodriguez (and subject to Rodriguez's beneficial ownership of said works), has wrongfully and unlawfully failed to pay in full the royalties and other sums and accounts owed Heaven Publishing as the successor to Rodriguez and has interfered with Heaven Publishing's exercise of its rights by, including without limitation, having collected and misappropriated (and/or caused to be diverted) royalties and other monies from various third party payors (including, without limitation, various third party platforms and digital music streaming services) derived from the exploitation of the Subject Musical Works and the Pre-Existing Compositions that rightfully belong to Heaven Publishing as the successor to Rodriguez.

19. The sums owed by Vástago to Rodriguez and/or Heaven Publishing under this claim are not barred in whole or in part by statutes of limitation because Section 16.069(a) of the Texas Civil Practice and Remedies Code provides that, "If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may

file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required." Further, as Vástago's wrongful acts are continuing, even absent Section 16.069(a), Rodriguez and/or Heaven Publishing are entitled to relief for acts within the applicable limitations period.

20. Vástago's conduct in wrongfully refusing to account for and pay over the sums owed to Rodriguez and Heaven Publishing before and after the Heaven Grant Date is causing substantial and irreparable harm to Rodriguez and Heaven Publishing. However, Rodriguez and Heaven Publishing are not seeking double recovery of any damages awarded to them pursuant to any of their Counterclaims alleged herein.

## <u>THIRD COUNTERCLAIM</u>

**(Money Had and Received/Unjust Enrichment)**

21. Counterclaimants Heaven Publishing and Rodriguez incorporate by reference the allegations contained in paragraphs 1 through 20, inclusive.

22. Vástago has underreported and failed to fully pay the royalties, sums and accounts it owes to Rodriguez, including for his songwriting, arranging, musical performance, and record producing services as to the Subject Musical Works, the Pre-Existing Compositions, and the Sound Recordings. In addition, Vástago has unlawfully appropriated and usurped for itself (and/or has diverted to others) the "publisher's share" of the publishing income generated by both the Subject Musical Works and the Pre-Existing Compositions. For purposes of clarity, as to the Subject Musical Works and the Pre-Existing Compositions (but not the Sound Recordings), Rodriguez is only seeking recovery herein of sums owed by Vástago to him as of the Heaven Grant Date.

23. In addition, Vástago, with knowledge of Heaven Publishing's exclusive rights on and after the Heaven Grant Date in and to the Subject Musical Works and the Pre-Existing Compositions as the successor-in-interest to Rodriguez (and subject to Rodriguez's beneficial ownership of said works), has wrongfully and unlawfully failed to pay in full the royalties and other sums and accounts owed Heaven Publishing as the successor to Rodriguez and has interfered with Heaven Publishing's exercise of its rights by, including without limitation, having collected and misappropriated (and/or caused to be diverted) royalties and other monies from various third party payors (including, without limitation, various third party platforms and digital music streaming services) derived from the exploitation of the Subject Musical Works and the Pre-Existing Compositions that rightfully belong to Heaven Publishing as the successor to Rodriguez.

24. Vástago has been unjustly enriched by reason of the sums it is wrongfully holding (and/or caused to be diverted) that are due and owing to Rodriguez and/or Heaven Publishing. In equity and good conscience, all such sums must be paid to Rodriguez and Heaven Publishing to prevent Vástago from being unjustly enriched.

25. The sums owed by Vástago to Rodriguez and/or Heaven Publishing under this claim are not barred in whole or in part by statutes of limitation because Section 16.069(a) of the Texas Civil Practice and Remedies Code provides that, "If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required." Further, as Vástago's wrongful acts are continuing, even absent Section 16.069(a), Rodriguez and/or Heaven Publishing are entitled to relief for acts within the applicable limitations period.

26. Vástago's conduct in wrongfully refusing to account for and pay over the sums owed to Rodriguez and Heaven Publishing before and after the Heaven Grant Date is causing substantial and irreparable harm to Rodriguez and Heaven Publishing. However, Rodriguez and Heaven Publishing are not seeking double recovery of any damages awarded to them pursuant to any of their Counterclaims alleged herein.

**<u>FOURTH COUNTERCLAIM</u>**

**(Conversion)**

27. Counterclaimants Heaven Publishing and Rodriguez incorporate by reference the allegations contained in paragraphs 1 through 26, inclusive.

30. Vástago has underreported and failed to fully pay the royalties, sums and accounts it owes to Rodriguez, including for his songwriting, arranging, musical performance, and record producing services as to the Subject Musical Works, the Pre-Existing Compositions, and the Sound Recordings. In addition, Vástago has unlawfully appropriated and usurped for itself (and/or has diverted to others) the "publisher's share" of the publishing income generated by both the Subject Musical Works and the Pre-Existing Compositions. For purposes of clarity, as to the Subject Musical Works and the Pre-Existing Compositions (but not the Sound Recordings), Rodriguez is only seeking recovery herein of sums owed by Vástago to him as of the Heaven Grant Date.

32. In addition, Vástago, with knowledge of Heaven Publishing's exclusive rights on and after the Heaven Grant Date in and to the Subject Musical Works and the Pre-Existing Compositions as the successor-in-interest to Rodriguez (and subject to Rodriguez's beneficial ownership of said works), has wrongfully and unlawfully failed to pay in full the royalties and other sums and accounts owed Heaven Publishing as the successor to Rodriguez and has

interfered with Heaven Publishing's exercise of its rights by, including without limitation, having collected and misappropriated (and/or caused to be diverted) royalties and other monies from various third party payors (including, without limitation, various third party platforms and digital music streaming services) derived from the exploitation of the Subject Musical Works and the Pre-Existing Compositions that rightfully belong to Heaven Publishing as the successor to Rodriguez.

33. Vástago has wrongfully converted for its own use and benefit the accounts and sums it is holding that are due and owing to Rodriguez and/or Heaven Publishing by reason of Vástago's unauthorized and wrongful assumption and exercise of dominion and control over said accounts and sums. Rodriguez and Heaven Publishing have demanded, and hereby demand, the return of all accounts and sums.

34. The accounts and sums owed by Vástago to Rodriguez and/or Heaven Publishing under this claim are not barred in whole or in part by statutes of limitation because Section 16.069(a) of the Texas Civil Practice and Remedies Code provides that, "If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required." As Vástago's wrongful acts are continuing, even absent Section 16.069(a), Rodriguez and/or Heaven Publishing are entitled to relief for acts within the applicable limitations period.

35. Vástago's conduct in wrongfully refusing to account for and pay over the sums and accounts owed to Rodriguez and Heaven Publishing before and after the Heaven Grant Date is causing substantial and irreparable harm to Rodriguez and Heaven Publishing. However,

Rodriguez and Heaven Publishing are not seeking double recovery of any damages awarded to them on any of their Counterclaims alleged herein.

## PRAYER

WHEREFORE, Counterclaimants request the following relief:

(a) A declaratory judgment order that declares Rodriguez's ownership and/or co-ownership rights in and to the copyrights in the Subject Musical Works and the Pre-Existing Compositions from the beginning of time until the Heaven Grant Date;

(b) A declaratory judgment order that declares Rodriguez's ownership and/or co-ownership rights in and to the copyrights in the Sound Recordings at all times;

(c) A declaratory judgment order that declares Heaven Publishing's ownership and/or co-ownership rights in and to the copyrights in the Subject Musical Works and the Pre-Existing Compositions (subject to the beneficial ownership of said works retained by Rodriguez) commencing on the Heaven Grant Date to the present;

(d) An order finding that Plaintiff is not entitled to any relief and dismissing Plaintiff's First Amended Complaint with prejudice;

(e) Awards of damages according to proof to each of Counterclaimants;

(f) An award of attorney fees, expenses of litigation, and costs to Counterclaimants;

(g) An order awarding pre- and post-judgment interest to Counterclaimants; and

(h) For such further equitable or other relief as the Court deems just and proper.

## JURY DEMAND

Counterclaimants demand a jury on any issue in the First Amended Complaint, Restated Answer to First Amended Complaint, Restated Affirmative Defenses or Second Amended Counterclaims that are so triable.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: /s/ Andy Nikolopoulos
Andy Nikolopoulos
State Bar No. 24028168
SDTX No. 1822095
anikolopoulos@foxrothschild.com
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, Texas 75201
(972) 991-0889
(972) 404-0516 – Fax

David Aronoff
*(Admitted Pro Hac Vice)*
Cal. SBN 125694
daronoff@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd.
Suite 900
Los Angeles, California 90067
(310) 598-4150
(310) 556-9828 - Fax

*ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIMANTS*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on all counsel of record via ECF filing, in compliance with the Federal Rules of Civil Procedure, on this the 15th day of April, 2024.

/s/ Andy Nikolopoulos
Andy Nikolopoulos